# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: TROY EDWIN TATE AND           CASE NO. 07-50028 ERG
ELAINE BURRIS TATE

                                                       CHAPTER 7

## OPINION

Before the court is the United States Trustee's Motion to Dismiss Pursuant to 11 U. S.C. § 707(b)(2), (Dkt. No. 21), as well as the Debtor's opposition thereto. (Dkt. No. 24). Having considered the pleadings and memoranda submitted by counsel for the parties, the court concludes that the United States Trustee's position is well taken, and that the Motion to Dismiss should be granted.

## I. FACTUAL BACKGROUND

A petition for relief under Chapter 7 of the United States Code was filed by Troy Edwin Tate and Elaine Burris Tate on January 10, 2007, in the United States Bankruptcy Court for the Southern District of Mississippi. The Region 5 United States Trustee ("UST") filed, subsequently, a motion to dismiss pursuant to 11 U.S.C. § 707(b)(2). The UST avers that transportation deductions on the Debtors' Official Form 22A, Statement of Current Monthly Income and Means Test Calculation, are not accurate, and that the Debtors' case is presumptively abusive under provisions of § 707(b)(2). Specifically, the UST contends that the Debtors are not entitled to transportation deductions on Means Test Lines 23 and 24 because the Debtors have no applicable secured debt for automobiles. After adjusting the Debtor's Means Test, the UST concluded that the statutory presumption of abuse arises because the debtors' monthly income

exceeds the limitations provided therein.  The UST argues that the debtors have failed to provide sufficient explanation or documentation to rebut the presumption of abuse and that the court should dismiss the case as an abuse of Chapter 7 provisions pursuant to § 707(b)(2).

## II.  CONCLUSIONS OF LAW

The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157.  The court has jurisdiction over the subject matter of this proceeding and of the parties pursuant to 28 U.S.C. § 157 and § 1334.

Section 707 of Title 11 of the United States code provides the following, in part:

> **§ 707.  Dismissal of a case or conversion to a case under Chapter 11 or 13.**
>
> (b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter . . .
>> (2)(A)(I) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>>> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or
>>> (II) $10,000.
>
> . . . .

11 U.S.C. § 707(b)(2)(A).[1]  The UST points out that the Debtors have claimed $1,146.00 for transportation deductions and contends that the correct total deduction amount is $743.00

---

[1] Amendments to the statute that adjust these dollar amounts are applicable to cases commenced on or after April 1, 2007.

because the secured debt has been abandoned.  The UST contends that the debtors are not entitled to any debt deduction on Means Test Lines 23 and 24, but that they are entitled to an extra $200.00 per vehicle for operating expense on Means Test Line 22 because of the age of the vehicles.  Pursuant to the UST's adjustments to the Means Test, the debtors would have no less than $355.04 in monthly disposable income which, when multiplied by sixty (60), equals $21,302.40, exceeding the $10,000.00 statutory amount cited above.

Both the UST and the debtors recognize that courts are split as to whether a debtor may deduct the transportation expense for a vehicle that the debtors owns free and clear.  Having considered the arguments and authorities, the court agrees with the position taken by the UST and supporting authorities that the transportation ownership expense should not be taken if no actual car payment exists.  See, *Neary v. Ross-Tousey (In re Ross-Tousey)*, 368 B.R. 762 (E.D. Wis. 2007)(debtors were not allowed to deduct automobile ownership expenses for automobiles on which they did not make monthly payments).  In *In re Brown,* 376 B.R. 601 (Bankr. S.D.Tex. 2007), the court made the following statements:

> The issue in the instant case-whether a debtor must have a monthly note or lease payment in order to claim the vehicle ownership expense-has been addressed by dozens of bankruptcy and district courts across the country. [FN2] The case law is so evenly divided that neither position can fairly be characterized as the majority.[FN3] Although the arguments on both sides have been discussed at length in numerous opinions, the Court took this matter under advisement because no bankruptcy court within the Southern District of Texas has published an opinion addressing this issue.
>> FN2. While this is a Chapter 7 case, the case law addressing this issue covers both Chapter 7 and 13 cases because § 1325(b)(3) incorporates § 707(b)(2) into the calculation of disposable income.
>> FN3. For a full list of cases on both sides of the issues *see In re Enright,* 2007 WL 748432, at 2, 2007 Bankr.LEXIS 812, at 6-7 (Bankr.M.D.N.C. March 6, 2007); *see also In re Swan,* 368 B.R. 12, 17 (Bankr.N.D.Cal.2007). In the months since these cases were

> decided, a least a dozen more opinions have discussed the issue.
> Each party presented extensive case law supporting its respective position. The UST noted that, while only persuasive and not binding on this Court, every other lower court within the Fifth Circuit to consider this issue has ruled in favor of the UST's position.[FN4] Conversely, the Debtors introduced a time line of the case law on this issue to show a recent trend among bankruptcy courts from outside the Fifth Circuit favoring their position.[FN5] The Court briefly summarizes the major themes running throughout both lines of cases, and . . . finds that the Debtors must have an actual monthly loan or lease payment on a vehicle in order to claim the vehicle ownership expense.
>
> > FN4. The districts to rule in favor of the UST's position include: the Northern District of Texas, *In re Hardacre,* 338 B.R. 718 (Bankr.N.D.Tex.2006) and *In re Barraza,* 346 B.R. 724 (Bankr.N.D.Tex.2006); the Western District of Texas, *In re Oliver,* 350 B.R. 294 (Bankr.W.D.Tex.2006); the Eastern District of Louisiana, *In re Devilliers,* 358 B.R. 849 (Bankr.E.D.La.2007); and the Western District of Louisiana, *In re Ceasar,* 364 B.R. 257 (Bankr.W.D.La.2007).
> >
> > FN5. One notable exception to this trend is *Fokkena v. Hartwick (In re Hartwick),* 373 B.R. 645 (D.Minn.2007), an appeal to the district court which overturned the bankruptcy court's ruling in the debtor's favor. *In re Hartwick,* 352 B.R. 867 (Bankr.D.Minn.2006).

In re Brown 376 B.R. 601, 604 -605 (Bankr. S.D.Tex. 2007).

The court concludes that the automobile ownership expenses may not be deducted by the Debtors, that the presumption of abuses arises under 11 U.S.C. § 707(b)(2) and that the UST's motion to dismiss should be granted.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

**ATTORNEY FOR DEBTORS**:
Mary S. McPherson
McPherson & McPherson
2434 Highway 53 South
Poplarville, MS 39470

**ATTORNEY FOR UNITED STATES TRUSTEE:**
Christopher J. Steiskal
U.S. Department of Justice
Office of the U.S. Trustee, Region 5
100 West Capitol Street, Suite 706
Jackson, Mississippi 39269